852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas E. DICKERSON, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 88-3103.
 United States Court of Appeals, Federal Circuit.
 June 21, 1988.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 We affirm the decision of the Merit Systems Protection Board (MSPB), docket No. DA07528710303, which sustained the removal of Douglas E. Dickerson for off-duty misconduct in shooting a fellow employee in course of a drunken dispute.
 
 OPINION
 
 2
 We cannot agree with petitioner's main argument, as urged here, that the admitted off-duty misconduct was not shown to have a "nexus" with the "efficiency of the service." The Administrative Judge perhaps should have discussed that issue under a separate heading, for the complete convenience of reviewing tribunals, and in view of its importance in all cases of off-duty misconduct. He did state evidence showing that continued employment of Dickerson would put other employees in fear, would dissuade qualified job applicants, and would diminish public respect for the agency. These conclusions can be disputed, but are not shown to lack support in substantial evidence.
 
 
 3
 Petitioner was employed as a civilian technician at a large Army vehicle repair facility at Texarkana, Texas. He was not suspended as soon as the incident became known, but rather the agency waited until conviction in the state court, entered on plea of guilty almost a year after the incident. This militates somewhat against the intensity of the fear the petitioner might be thought to inspire, but petitioner is the last who ought to fault the agency's care to take no adverse action until the facts were established. The original conviction was of a felony, with a five-year sentence, but the court granted probation and later reduced the conviction to a misdemeanor with two years probation.
 
 
 4
 The evidence reflects that the state judge and the probation officer wanted to ensure petitioner's continued employment at the Army facility, better to effect his rehabilitation. If we had been in full charge of the case, we might have been impressed, but with our limited scope of review, we cannot say federal law requires the Army to conduct a facility for the rehabilitation of persons convicted under the state's criminal laws.
 
 
 5
 It was shown that numerous fellow employees of petitioner were serving probationary periods under convictions on felony or misdemeanor charges, mostly drug offenses or "DWI" which we suppose means driving while intoxicated. The agency does not feel impelled to fire such persons. Perhaps it could not and get its work done. There was no evidence that any such persons could inspire fear in fellow workers, and for this reason alone, if there were no other, the evidence does not render insubstantial the basis of the "nexus" conclusion. One fellow employee was shown to have shot a fellow employee, but no conviction was shown in that case, so the agency's apparent policy of not passing judgment on cases of off-duty shooting by its employees, in anticipation of the reaction of the criminal courts, apparently governed both cases.
 
 
 6
 The record includes accounts of the shooting as given under oath, both by the victim and by Dickerson. The latter is, naturally, less incriminating, but even so we think it would chill anyone who might be required to work alongside Dickerson in the line of duty.
 
 
 7
 Having relied on the conviction in the charges, the agency, petitioner says, cannot switch its spotlight to the actual circumstances and disregard the fact the court reduced the original felony conviction to a misdemeanor. We do not think that in considering the nexus question the agency cannot consider both the conviction and the actual circumstances of the shooting.
 
 
 8
 It would be true that having charged Dickerson was convicted, it could not sustain its burden in the MSPB trial by proving he shot the victim. It had to prove he was convicted. But it did. In discussing nexus, Dickerson leads the debate into collateral matters: the treatment of fellow employees who were also offenders. If this is relevant, we do not hold it is, but the question was not put before us in an adversary way--surely it is also relevant how and under what circumstances Dickerson did the act he was convicted for.
 
 
 9
 We have considered all grounds for reversal or remand that counsel has argued, and find no merit in any of them.
 
 
 10
 BISSELL, Circuit Judge, concurring.
 
 
 11
 I concur in the result reached by the majority opinion, but would resolve this appeal on different grounds. Dickerson argues that his removal was improper because the agency failed to show a nexus between his off-duty conduct and the efficiency of the service. See 5 U.S.C. Sec. 7513(a) (1982). I disagree. The law is clear--when off-duty violent conduct is so egregious that it speaks for itself, a rebuttable presumption of nexus is established. Hayes v. Department of the Navy, 727 F.2d 1535, 1539 (Fed.Cir.1984); Abrams v. United States Dept. of the Navy, 714 F.2d 1219 (3rd Cir.1983). Here, the Board found that a nexus had been established between Dickerson's off-duty conduct--shooting his cousin--and the efficiency of the service. The Board properly relied on Backus v. OPM, 22 M.S.P.R. 457 (1984) for the proposition that a presumption of nexus is applicable if the off-duty conduct involves the shooting of another person. Because Dickerson did not introduce sufficient evidence to rebut the presumption, I would affirm the Board's decision.